572 A.2d 765

**Joann MARCOLONGO, Appellee,**

v.

**Terrence T.J. NICOLAI, Appellant.**

Superior Court of Pennsylvania.

Argued March 7, 1990.

Filed April 3, 1990.

William A. George, Media, for appellant.

Daniel R. Fredland, Media, for appellee.

Before McEWEN, MONTEMURO and CERCONE, JJ.

MONTEMURO, Judge:

This appeal arises from an action in equity filed by JoAnn Marcolongo, seeking specific enforcement of an agreement she had executed with her former husband, Terrence T.J. Nicolai, on April 9, 1980. In a counterclaim, Nicolai sought to exercise his rights under a term of the agreement which would have resulted in the partition and sale of certain properties, with the net proceeds to be divided equally between the parties. We have reviewed the record, and find that the trial court's findings of fact are well supported by the evidence:

1. Under Deed dated September 14, 1978, Terrence T. Nicolai and JoAnn Nicolai, his wife, the parties herein, were conveyed title as tenants by the entireties to certain real estate located at the intersection of the northwesterly side of MacDade Boulevard with the northeasterly side of Cedar Avenue, located in the township of Ridley, Delaware County, Pennsylvania, which Deed is recorded in the Office for the Recording of Deeds of Delaware County in Deed Book 2665 at page 754.

2. Under Deed dated September 12, 1979, Terrence I. [sic] Nicolai and JoAnn, his wife, the parties herein, were conveyed title as tenants by the entireties to certain real estate located and known as 634 Childs Avenue, located in the Township of Upper Darby, Delaware County, Pennsylvania, which Deed is recorded in the Office for the Recording of Deeds of Delaware County in Deed Book 2710 at page 736.

3. The parties also owned ten other parcels in Delaware County as tenants by the entireties as of the early part of 1980.

4. By Agreement dated April 9, 1980, Terrence Nicolai and JoAnn Nicolai executed an agreement in which they recited that they "are at this time, or intend to be in the immediate future, separated" and in which agreement they made various covenants concerning "their mutual and business real estate interests".

5. The Agreement, contemplated the parties' possible divorce and provided that, upon divorce, Terrence Nicolai had right to full ownership of the following ten (10) properties enumerated therein, all of which are located in Delaware County:

 1. 306 Gorsuch Street, Folsom, PA
 2. 905 Summit Street, Darby, PA
 3. 414 Colwyn Avenue, Colwyn, PA
 4. 104 South 3rd Street, Colwyn, PA
 5. 20 South 2nd Street, Colwyn, PA
 6. 448 Clifton Avenue, Sharon Hill, PA

7. 447–449 Sharon Avenue, Sharon Hill, PA

8. 1001 Andrews Avenue, Collingdale, PA

9. 300 Woodlawn Avenue, Collingdale, PA

10. 401–409 McDade Boulevard, Glenolden, PA

Similarly, upon divorce, the Agreement granted JoAnn Marcolongo (then JoAnn Nicolai) the right to full ownership of the following properties, which are located in Delaware County:

1. 634 Childs Avenue, Drexel Hill, Upper Darby Township, PA

2. Parcel at the corner of Cedar Avenue & [Mac]Dade Boulevard, Holmes, Ridley Township, PA

6. On September 11, 1981, the parties were divorced from the bonds of matrimony by a Final Decree entered in the Court of Common Pleas of Delaware County, Pennsylvania, No. 80–13903.

7. The parties' Agreement entered on April 9, 1980, contained the following language:

## DIVORCE

Upon the granting of a Final Decree in Divorce, dissolving the marriage now existing between the parties, this Agreement shall at the election of either party, become null and void; provided that, however, should neither party elect to void this agreement six months after the granting of the final Decree in Divorce, then Husband and Wife hereby agree that Wife shall be entitled to full and individual ownership of the properties located at 634 Childs Avenue, Drexel Hill, Pennsylvania, and the real estate located at the corner of MacDade Boulevard and Cedar Avenue, Holmes, Delaware County; and Husband shall have full and individual ownership of all other real estate enumerated in this agreement.

\* \* \* \* \* \*

If neither party should elect to void this Agreement within six months after the granting of a final Decree in Divorce, then the aforementioned terms concerning divi-

sion of real estate shall be in full and final settlement of all real estate rights of the parties under Pennsylvania Law concerning division of entireties property upon divorce.

## VIOLATION AND DEFAULT

If either party should violate the right of the other party to the sole and exclusive use and enjoyment of any real estate or corporation or business, as aforementioned, or if either party should cause or allow any piece of real estate to be in arrears by more than ninety days, on payment of any mortgage or utility or tax payment, or if either party should declare personal bankruptcy then the other party may, at his or her election, choose and avail himself or herself of one or more of the following remedies:

1. Pay the aforementioned arrearages on behalf of the other party, and thereby have a lien against the other party for the amount paid;

2. Order the immediate partition and sale of the property affected by the said arrearages, with the proceeds from the sale of said property to be divided equally between the parties;

3. Order the immediate partition and sale of all real estate held as tenants by the entireties by Husband and Wife, with the proceeds of said sale being divided equally between Husband and Wife;

4. Compel the other party to pay the said arrearages immediately. If either party should fail to maintain the real estate under his or her control, by the terms of this Agreement, in a good and presentable manner, then the other party shall have one or more of the above listed rights regarding that property or all properties.

8. Neither party took affirmative steps to void the Agreement within the six-month period after the granting of the final decree of divorce as permitted by the terms of the Agreement.

9. Subsequent to the execution of the Agreement dated April 9, 1980, the plaintiff became delinquent in certain financial obligations pertaining to both the realty located at 634 Childs Avenue, Upper Darby Township, and the realty located at the intersection of MacDade Boulevard and Cedar Avenue located in Ridley Township. These obligations were undertaken by both parties prior to the signing of the Agreement. Plaintiff also became delinquent with respect to certain real estate tax obligations pertaining to these properties. Plaintiff continues in default of such financial obligations and real estate tax obligations at the time of the filing of the instant proceedings.

10. In the early part of 1988, plaintiff's attorney requested defendant's prior counsel to have defendant execute deeds to the properties enumerated in the Agreement, thereby placing the properties in the individual names of plaintiff and defendant as appropriate; however, defendant refused to execute such deeds.

11. Plaintiff desires to sell the Childs Avenue premises and the MacDade Boulevard and Cedar Avenue premises and to discharge all financial obligations owing thereon from the proceeds of such sales. Plaintiff is unable to complete such transactions due to the fact that defendant's name remains on the titles to the properties.

Op. of Trial Court, May 18, 1989, 1–6.

 Initially, we find no error in the trial court's legal conclusions that the parties' April 9, 1980, Agreement was a valid one, and that under the unambiguous terms of that Agreement, equitable title to the Childs Avenue property and the MacDade Boulevard and Cedar Avenue property vested in Marcolongo six months after the entry of the Final Decree in Divorce: March 11, 1982. The same can be said for the ten properties assigned to Nicolai under the terms of the April 9, 1980, Agreement. The fact that the Agreement does not include a specific time frame or process concerning the formal execution of the documents neces-

sary for the transfer of legal title to the various properties does not render the contract unenforceable. From the language of the contract, construed as a whole, it was clearly the intention of the parties that, in the event neither voided the Agreement in the six month period, both would execute the necessary documents to transfer sole legal title in the described properties to the other party. As the trial court correctly noted, the "basic purpose of the Agreement" was to effect a "division of property." *Id.* at 7. We find that the "doctrine of necessary implication" is applicable instantly:

> In the absence of an express provision, the law will imply an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to carry out the purpose for which the contract was made and to refrain from doing anything that would destroy or injure the other part's right to receive the fruits of the contract.

*Slater v. Pearle Vision Center, Inc.,* 376 Pa.Super. 580, 586, 546 A.2d 676, 679 (1988) (citations omitted). Thus, Marcolongo's action for specific performance is based upon Nicolai's implied agreement to execute the documents necessary to transfer sole legal title to the 634 Childs Avenue and the MacDade Boulevard and Cedar Avenue properties to Marcolongo. The trial court's enforcement of this promise comports with the clear intentions of the contracting parties and avoids injustice.[1] The terms of the Agreement, as negotiated and executed by both parties, were intended to result in the final settlement of the real estate rights of the parties. This final settlement amounted to a division of the properties between the parties, with the vesting of full

---

1. We note that the trial court characterized the terms of the parties' Agreement as "inconsisten[t]." Op. of Trial Court, May 18, 1989, at 7. Although we find that the Agreement fails to outline specifics concerning the transfer of legal title between these parties, we do not find its terms to be inconsistent or contradictory. In any event, we rely upon the doctrine of necessary implication in affirming the trial court's order in the case at bar. This doctrine is applicable even though a contract is *not* ambiguous. *Slater v. Pearle Vision Center, Inc.,* 376 Pa.Super. 580, 587, 546 A.2d 676, 679 (1988) (citations omitted).

and individual ownership in the divided properties in each party.

Nicolai claims that Marcolongo is not entitled to the relief ordered by the trial court, because she is in arrears on mortgage payments and tax debts on the two properties assigned to her under the Agreement. Nicolai argues that this fact, admitted by Marcolongo, entitles Nicolai to enforce his rights under the Agreement, and to order the partition and sale of the property with the proceeds from the sale of the property to be divided equally between the parties. We agree with the trial court that to allow such a result would not comport with the intention of the parties which is evident from a reading of the Agreement as a whole. It would be an unreasonable interpretation of the Agreement to find that the remedies provided under the "Violation and Default" section of the Agreement were intended to be available to a party who has refused "to perform those things that according to reason and justice they should do in order to carry out the purpose for which the contract was made . . ." *Slater v. Pearle Vision Center, Inc., supra,* 376 Pa.Superior Ct. at 586, 546 A.2d at 679 (citations omitted). Nicolai has refused to execute documents to transfer sole legal title in the two described properties to Marcolongo, thus preventing and frustrating the central purpose of the parties' Agreement. Given that the vesting of sole legal title in properties once owned as entireties properties was the primary objective of the Agreement, allowing Nicolai to use the "Violation and Default" section of the Agreement to frustrate the entire purpose of the Agreement would result in an unreasonable interpretation of the terms of this Agreement. Moreover, Nicolai emphasizes in his appellate brief that he is suffering a detriment to his "continuing business interests [because] . . . as the title report exhibits show, the properties are presently subject to delinquent tax and joint mortgage liens and actions thereon are presently pending against *both* parties." Brief for Appellant at 10. We note that the order of the trial court states that as a condition to the placing of

sole and exclusive legal title to the two properties in Marcolongo, "all mutual financial obligations of plaintiff and defendant owing on the respective properties to be conveyed to plaintiff shall be satisfied from the proceeds of the sale of said properties by plaintiff." Order of Trial Court, May 18, 1989. Thus, we find that the trial court's order appears to give to Nicolai precisely the relief he claims to need at this time.

Finally, Nicolai argues that the trial court erred in failing to admit evidence of bias to impeach the credibility of Marcolongo and other witnesses. This claim is meritless as Nicolai has failed to demonstrate how the exclusion of this proffered evidence prejudiced his case.

Order affirmed.